IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EVELYN MARINA-AGUILA,**

   Plaintiff,

   v.                                        CIVIL NO. 04-2212 (GAG)

**DENCARIBBEAN, INC., et al.,**

   Defendants.

**OPINION AND ORDER**

Defendant Michael Veláquez's ("Veláquez") moves this court to alter and vacate judgment against him pursuant to Federal Rule of Civil Procedure 60(b)(6). (See Docket No. 81.) The judgment Veláquez seeks relief from was entered June 26, 2006 in the present case. (See Docket No. 67.) For the reasons discussed below, the court **DENIES** Veláquez's motion to alter and vacate judgment against him.

**I.    Procedural Background**

Given that this issue is specific to Veláquez and the procedural history between these two parties, the court will summarize only the pertinent procedural background. Plaintiff Evelyn Marina-Aguila ("Plaintiff") filed her complaint on November 4, 2004, against numerous defendants, claiming she was harassed while employed at Denny's in Arecibo, Puerto Rico. (See Docket No. 1.) Veláquez, Plaintiff's supervisor, was named as a defendant. (See id.) Veláquez answered this complaint on February 14, 2005 (Docket No. 15). At the time Veláquez answered the complaint, he was represented by Reinaldo L. Maldonado-Vélez ("Maldonado"). (See id.) Maldonado was also representing co-defendants DenCaribbean Inc. and Denny's. On February 22, 2006, Maldonado

**Civil No. 04-2212 (GAG)**

made a motion to withdraw his representation of all defendants in the case. (See Docket No. 20.) The next day, February 23, 2006, Plaintiff motioned for leave to file an amended complaint. (See Docket No. 22.) On June 27, 2006, the court denied Maldonado's motion to withdraw his representation of all defendants. (See Docket No. 23.) The court granted Plaintiff's motion to file an amended complaint on August 11, 2006. (See Docket No. 25.) On October 20, 2006, Maldonado made a second motion to withdraw legal representation of all defendants. (See Docket No. 31.) The court granted this motion that same day. (See Docket No. 32.)

On January 25, 2007, Plaintiff sought entry of default against Veláquez because Veláquez failed to answer the complaint. (See Docket No. 42.) The court granted entry of default on that same day. (See Docket No. 43.) Again, Plaintiff sought entry of default against Veláquez on April 19, 2007. (See Docket No. 56.) Default was entered on May 5, 2007. (See Docket No. 62.) In that motion, Plaintiff stated it had not sent Veláquez a copy of the amended complaint because Veláquez had not answered the original complaint and there was no address on record for him. (See id.) A default hearing was held on June 26, 2007 regarding damages. (See Docket No. 69.) The court awarded Plaintiff default damages and entered default judgment against Veláquez on June 26, 2007. (See Docket Nos. 66 & 67.) Veláquez filed a motion to set aside this judgment on January 26, 2012, exactly seven months later. (See Docket No. 81.) Plaintiff was ordered to show cause why the judgment should not be lifted (Docket No. 82) and Plaintiff opposed this motion on February 24, 2012. (See Docket No. 85.)

**II.     Standard of Review**

The district court may, "relieve a party or its legal representative from final judgment, order or proceeding . . . [for] any other reason that justifies relief." FED.R.CIV.P. 60(b)(6); Blanchard v. Cortes-Molina, 453 F.3d 40, 44 (1st Cir. 2006). The district court enjoys considerable discretion in granting relief based on Rule 60(b). See Cotto v. U.S., 993 F.2d 274, 277 (1st Cir. 1993).

2

**Civil No. 04-2212 (GAG)**

### III.     Discussion

Veláquez's main argument is that default judgment was inappropriate because it was predicated on Plaintiff's false representation to the court that Veláquez never answered the original complaint. (See Docket No. 81 at 2.) Veláquez argues that because of this representation, in addition to having never been given a copy of the amended complaint, Plaintiff has mislead the court in granted the entry of default. (See Docket No. 81 at 2.) Plaintiff's attorney admits fault in falsely informing the court that Veláquez never answered the original complaint. (See Docket No. 85 at 3.)

The court finds that it is clear Veláquez did answer the original complaint. However, this mistake by Plaintiff's counsel does not invalidate the default judgment issued by the court. As discussed above, Veláquez was represented by an attorney when the original complaint was filed and when the amended complaint was filed. Maldonado represented Veláquez until October 20, 2006, the date his second motion to withdraw was granted. (See Docket No. 32.) This means that at the time the amended complaint was filed, Maldonado was still representing Veláquez. Therefore, Veláquez, or more to the point, Maldonado as his representative, was notified of the amended complaint as of August 11, 2006. (See Docket No. 25.) Plaintiff is correct in stating that Veláquez was represented by Maldonado at the time the amended complaint, thus Maldonado should have received the filings in this case until he was granted leave to withdraw on October 20, 2006.

The court recognizes and understands Plaintiff was wrong in believing Veláquez did not respond to the original complaint and should have informed Maldonado of the filing of the amended complaint. However, Plaintiff is allowed to rely upon the electronic filing system to alter Maldonado of the filing of the amended complaint. In fact, the electronic filing system is widely used in all case matters in this jurisdiction and counsel are constantly being informed of motion and filings through said system. While Veláquez claims he was never notified of the amended complaint or the default judgment against him, his attorney of record with the court was notified. If these motions were not acted upon by Maldonado or if Maldonado did not inform Veláquez about these filings, nor adequately apprise Veláquez that he needed to pursue his defense, that is a dispute

3

**Civil No. 04-2212 (GAG)**

between Maldonado and Veláquez, rather than one the court should rectify through the discretionary power of Rule 60(b). Therefore, the court **DENIES** Veláquez's motion for alter or vacate judgment (Docket No. 81.)

**SO ORDERED.**

In San Juan, Puerto Rico this 29th day of February, 2012.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge